**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PAVON GRANDEZ, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 14-71103 Agency No. A094-287-049 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Juan Pavon Grandez, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 942 n.1 (9th Cir. 2007). We review de novo questions of law, we review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We do not consider the evidence Pavon Grandez included in his filings to the court that he did not present in the proceedings below. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

We lack jurisdiction to review Pavon Grandez's contention regarding eligibility for a waiver of inadmissibility because he failed to raise this issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We need not address Pavon Grandez's contention regarding his removability based on his Arizona criminal conviction, which he conceded to the IJ, because he does not – and has never – challenged the finding that he is removable under 8 U.S.C. § 1182(a)(6)(A)(i). Contrary to Pavon Grandez's contention, the agency did not find him ineligible for cancellation of removal on the basis of his Arizona

14-71103

criminal conviction. Further, we lack jurisdiction to review the agency's discretionary determination that Pavon Grandez failed to show the requisite exceptional and extremely unusual hardship to his qualifying relative for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

Substantial evidence supports the agency's determination that Pavon Grandez failed to establish he suffered past persecution or that he has a well-founded fear of future persecution in Honduras on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Contrary to Pavon Grandez's contention, the country reports do not indicate a pattern of persecution of deportees by police, gangs and death squads. Thus, Pavon Grandez's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of CAT relief because Pavon Grandez failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

3                                                                    14-71103

We reject Pavon Grandez's due process contentions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, we deny as unnecessary Pavon Grandez's renewed request for a stay of removal because the court previously granted a stay of removal. The stay will terminate upon the issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**